IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **EMMANUEL RUIZ (1),** <br> **ROBERTO VAZQUEZ (4),** <br><br> **Defendants.** | **CRIMINAL ACTION NO.** <br><br> **1:21-CR-00426-MLB-JEM** |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND NON-FINAL REPORT AND RECOMMENDATION

Pending before the Court for Defendant Vazquez are a motion for disclosure of confidential informants, (Doc. 361); a motion to strike surplusage, (Doc. 363); and a motion to adopt document 399 [Ruiz's reply in support of disclosure of confidential informants], (Doc. 400). Pending before the Court for Defendant Ruiz are a motion to adopt document 361 [Vazquez's motion for disclosure of confidential informants], (Doc. 383); and a supplemental, particularized, motion for disclosure of confidential informants, (Doc. 388). The Court **GRANTS** both motions to adopt, (Docs. 383; 400), and, for the reasons discussed below, **DENIES WITHOUT PRREJUDICE** both motions for disclosure of confidential informants, (Docs. 361; 388). Also for the reasons discussed below, the Court **RECOMMENDS** that Vazquez's motion to strike surplusage, (Doc. 363), be **DENIED.**

### I. PROCEDURAL HISTORY

The nine-count indictment, which was returned on October 27, 2021, charges 15 defendants with drug trafficking and firearm offenses. (Doc. 18). As relevant here, both Ruiz and Vazquez are charged in count one with conspiracy to possess with intent to distribute methamphetamine, and both are also charged with additional counts of substantive possession with intent to distribute methamphetamine. (*Id.*). Ruiz is charged with substantive possession in counts two, three, four, five, seven and nine, and Vazquez is charged with substantive possession in counts four and seven. (*Id.*).

On November 10, 2022, Vazquez filed a motion for disclosure of confidential informants, (Doc. 361), and a motion to strike surplusage from the indictment. (Doc. 363). Ruiz moved to adopt Vazquez's motion for disclosure of confidential informants on November 29, 2022, (Doc. 383), and on December 8, 2022, Ruiz filed a supplemental, particularized, motion for disclosure of confidential informants. (Doc. 388). Having been fully briefed, (Docs. 391; 392; 399; 400; 401), the pending motions are now ripe for review.

### II. FACTUAL BACKGROUND[1]

The charges in the indictment arise from a Drug Enforcement Administration (DEA) investigation of a drug trafficking organization in which

---

[1] The facts in this section are taken from the government's response to the motions for disclosure of confidential informants, in which it provided the relevant facts of the investigation. (Doc. 391 at 1-4). Neither Defendant disputed the accuracy of the government's factual summary, (Docs. 399; 400), and the Court, therefore, accepts these facts as accurate for purposes of the pending motions.

2

individuals incarcerated in Georgia state prisons, including Ruiz and Vazquez, were allegedly using contraband cell phones to broker deals to distribute methamphetamine and marijuana in the Atlanta area, and they were aided by their girlfriends and others outside of the prisons. (Doc. 391 at 1-2). In January 2020, DEA in Kentucky was informed by a Source of Information (SOI) that the SOI had previously purchased kilogram quantities of methamphetamine from co-defendant Angela Cable, who is Ruiz's girlfriend. (*Id.* at 2). On January 22, 2020, the SOI made a recorded phone call to Cable, and while on the phone with the SOI, Cable made a three-way call to Ruiz, who was using a contraband cellphone. (*Id.*). Ruiz and the SOI then discussed a deal for ten "big tires," which was code for methamphetamine, and they agreed to a price of $5,000 per kilogram, at which point Ruiz said he would reach out in a few weeks. (*Id.*).

In a recorded call on February 12, 2020, the SOI and Cable discussed a purchase of three kilograms of methamphetamine that would take place on February 14, 2020, and in another recorded call on February 12th, the SOI and Ruiz confirmed the purchase for February 14th, again using the "big tires" code. (*Id.* at 2-3). Sometime around February 14th, the SOI introduced a Confidential Source (CS) to Ruiz, indicating that the CS was related to the SOI, and the CS and Ruiz then exchanged multiple recorded calls and text messages coordinating the three-kilogram purchase. (*Id.* at 3). At 12:48 p.m. on February 14th, Ruiz sent the CS a meeting location of 1860 Atkinson Road NW, Lawrenceville, Georgia, and the CS and an undercover agent (UC) went to the location in an undercover vehicle. (*Id.*). The CS conducted the controlled

3

purchase with a Hispanic male courier, and then the CS turned over 2.736 kilograms of pure methamphetamine to the agents. (*Id.*).

Directed by the DEA agents, on March 24, 2020, the CS made a recorded phone call to Ruiz, and arranged to purchase one kilogram of methamphetamine for $5,000. (*Id.*). The CS made additional recorded phone calls to Ruiz on March 26th and March 27th, coordinating the transaction. (*Id.*). At 1:14 p.m. on March 27th, Ruiz sent a text message to the CS providing a meeting location of 2345 Cobb Parkway SE, Smyrna, Georgia, and later that afternoon, the CS conducted the controlled purchase, receiving 699.1 grams of pure methamphetamine in exchange for $5,000. (*Id.* at 3-4).

After March of 2020, neither the CS, nor the SOI, were involved in the investigation, and the government is unaware of any connection between the CS or SOI and Vazquez. (*Id.* at 4).

### III.   DISCUSSION

#### A.   **Defendants are not entitled to early disclosure of confidential informants.**

In *Roviaro*, the Supreme Court held that the government's privilege to withhold the identity of informants from disclosure is limited, and that when "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). To determine when the government's privilege "must give way," courts engage in a balancing test, considering three factors: (1) the extent of the informant's participation in the

4

criminal activity; (2) the directness of the relationship between the defendant's asserted defense and the informant's probable testimony; and (3) the government's interest in nondisclosure. *United States v. Gutierrez*, 931 F.2d 1482, 1490 (11th Cir. 1991). But *Roviaro* and the balancing test do not apply when the informants will testify at trial. As the Supreme Court later explained, "[t]he issue of evidentiary law in *Roviaro* was whether (or when) the Government is obliged to reveal the identity of an undercover informer the Government does *not* call as a trial witness." *Banks v. Dretke*, 540 U.S. 668, 697 (2004) (emphasis in original); *United States v. Najera-Perez*, No. 1:12-CR-232-2-CAP, 2014 WL 888651, at *26-29 (N.D. Ga. Mar. 6, 2014)(denying motion for disclosure because the government indicated it would call its confidential informants as witnesses at trial, and *Roviaro* was, therefore, not applicable, nor was defendant entitled to the disclosure under any other authority); *see also United States v. Kent*, No. 4:17-CR-0039-JPB-WEJ, 2019 WL 10253166, at *4 (N.D. Ga. Nov. 5, 2019), report and recommendation adopted, No. 4:17-CR-00039-06-JPB, 2020 WL 2786791 (N.D. Ga. May 29, 2020)(denying motion to compel disclosure based on government's representation that it intended to call informant as trial witness, and under local practice, all *Brady*, *Giglio* and *Jencks* material related to informant would be disclosed shortly before trial, thereby alleviating the concerns present in *Roviaro*); *United States v. Covington*, No. 1:16-CR-145-15-TWT, 2018 WL 5016499, at *1 (N.D. Ga. Oct. 16, 2018)(holding that disclosure of confidential informants that the government intends to call as witnesses at trial is not required by *Roviaro*); *United States v. Pasby*, No. 1:16-CR-145-TWT-JKL(22), 2017 WL 10402560, at *11 (N.D. Ga. Oct. 4, 2017), report and recommendation adopted,

No. 1:16-CR-145-22-TWT, 2018 WL 4953235 (N.D. Ga. Oct. 12, 2018)(same); *United States v. Ogletree*, No. 315CR00005TCBRGV, 2015 WL 13403895, at *2 (N.D. Ga. June 10, 2015)(same); *United States v. Pineda*, No. 1:11-CR-00006-CAP, 2012 WL 2906758, at *44 (N.D. Ga. June 4, 2012), report and recommendation adopted, No. 1:11-CR-0006-CAP-JFK, 2012 WL 2907447 (N.D. Ga. July 16, 2012)(same).

Here, the government states that it intends to call both the CS and SOI as trial witnesses, and that it will disclose their identities and provide any related *Brady*, *Giglio* and *Jencks* material "at the appropriate time before trial." (Doc. 391 at 8). Defendants' reliance on *Roviaro*, therefore, is misplaced, and Defendants have not shown that they are entitled to early disclosure of the government's witnesses, or information related to those witnesses, on any other grounds. (Docs. 361; 388; 399). "A criminal defendant has no absolute right to a list of the government's witnesses in advance of the trial." *United States v. Johnson*, 713 F.2d 654, 659 (11th Cir. 1983).

In their reply, Defendants argue that "intentions to call witnesses at trial often change," and therefore, despite the fact that the government intends to call the informants as trial witnesses, the Court should still conduct the balancing test and order early disclosure under *Roviaro*. (Doc. 399 at 1-4). The Court declines. Defendants have cited no authority whatsoever for the proposition that the government must disclose the identity of their informants at this stage of the proceedings, when it has represented that it intends to call them as trial witnesses. (Doc. 399); *see United States v. Rook*, No. 1:15-CR-380-SCJ, 2016 WL 2344877, at *3 (N.D. Ga. May 3, 2016)(denying motion to reveal

6

confidential informant, and finding "determinative," the fact that defendant "cited no governing precedent or persuasive authority for the proposition that the Government must disclose the CI's identity and location at this stage of the proceedings, where the Government has stated its intention to call the CI as a witness during trial")(citing *United States v. Lozano-Vasquez*, Crim. Action No. 1:11-cr-302-SCJ-ECS, Doc. 96 at 3 (Scofield, M.J.)(explaining that "*Roviaro* was not intended to create an exception to the general rule that the government need not provide defendant with a list of its witnesses until trial; rather, *Roviaro* is intended to ensure that a defendant will have access to an informant if such person will not be a witness but, nonetheless, is 'relevant and helpful to the defense of the accused'")).

Accordingly, the Court **ORDERS** that both motions for disclosure of confidential informants, (Docs. 361; 388), be **DENIED,** but that the denial be **WITHOUT PREJUDICE** to renewing their motion, should the government change course and decline to name the informants on its trial witness list. *See Rook*, 2016 WL 2344877, at *3 (denying motion to reveal confidential informant without prejudice and with leave to renew if the government "changes course and declines to name the confidential informant on its trial witness list").

### B. Defendant has not shown that the prior conviction notice in the indictment is surplusage.

The indictment includes a paragraph titled "Prior Conviction Notices," which, in relevant part, states:

> Before the defendant, ROBERTO VAZQUEZ, A/K/A LOCO, A/K/A ROOSTER committed the offense charged in Counts One, Four, and Seven of this Indictment, ROBERTO VAZQUEZ, A/K/A LOCO,

7

>A/K/A ROOSTER was convicted of Armed Robbery; Aggravated Assault; Burglary; and Terroristic Threats and Acts; serious violent felonies, for which he served more than 12 months of imprisonment.

(Doc. 18 at 6). In his motion to strike surplusage, Vazquez argues that this paragraph in the indictment should be stricken under Rule 7(d), which allows for the removal of "immaterial, irrelevant and prejudicial" allegations upon motion of the defendant, because the prior convictions listed do not "categorically qualify as crimes of violence." (Docs. 363 at 2-3; 401 at 1-4).

The only Federal Rule of Criminal Procedure that gives the Court authority to strike language from an indictment is Rule 7(d), which provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." *See* Fed. R. Crim. P. 7(d); *United States v. Kent*, No. 4:17-CR-0039-JPB-WEJ, 2020 WL 8484884, at *2 (N.D. Ga. Oct. 29, 2020), report and recommendation adopted, No. CV 4:17-CR-00039-JPB, 2021 WL 222697 (N.D. Ga. Jan. 22, 2021). "Surplusage is defined as 'immaterial or irrelevant allegations in an indictment . . . which may, however, be prejudicial.'" *Kent*, 2020 WL 8484884, at *2. "A motion to strike surplusage from an indictment should not be granted unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial," which is "a most exacting standard." *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) (internal quotations omitted); *United States v. Brye*, 318 F. App'x 878, 880 (11th Cir. 2009); *United States v. Lima*, No. 1:22-CR-00307-MHC-LTW, 2023 WL 2450174, at *1 (N.D. Ga. Jan. 19, 2023), report and recommendation adopted, No. 1:22-CR-307-MHC-LTW, 2023 WL 1816086 (N.D. Ga. Feb. 8, 2023)(citation omitted); *Kent*, 2020 WL 8484884, at *2; *United States v. Isley*, No. 1:05-CR-00621-CAP-JMF, 2006

8

WL 8428807, at *11 (N.D. Ga. Oct. 24, 2006), report and recommendation adopted, No. 1:05-CR-621-CAP, 2006 WL 8428810 (N.D. Ga. Nov. 14, 2006) (the standard for striking surplusage from an indictment "is an exacting one: language can be stricken only if it is clear that it is not legally relevant"). In other words, allegations must be both irrelevant *and* prejudicial to be stricken, and "[b]ecause Rule 7(d) is permissive and not mandatory, the Rule 'is strictly construed against striking surplusage.'" *Lima*, 2023 WL 2450174, at *1 (citation omitted).

Here, Vazquez has not shown that the referenced paragraph in the indictment is immaterial or irrelevant to the charges in the indictment. (Docs. 363; 401). Indeed, the notice advises Vazquez of the enhanced sentence that he may face under 21 U.S.C. §841(b)(1)(A) if he is convicted of counts one, four and seven. (Doc. 18 at 6). That is, §841(b)(1)(A) provides for a minimum sentence of 10 years of imprisonment unless the violation occurs "after a prior conviction for a serious drug felony or serious violent felony has become final," in which case the minimum sentence is 15 years of imprisonment. *See* 21 U.S.C. §841(b)(1)(A). The term "serious violent felony" is defined in relevant part as "an offense described in section 3559(c)(2) of Title 18 for which the offender served a term of imprisonment of more than 12 months . . . ." *See* 21 U.S.C. §802(58). And as the government points out, there is at least some authority holding that certain facts about a prior conviction, such as the amount of time served or the recency of release, must be found by a jury for the increased punishment provisions of §841(b)(1)(A) to apply. (Doc. 392 at 9-10); *see e.g. United States v. Fields*, 53 F.4th 1027, 1037 (6th Cir. 2022)(discussing the

9

conflicting authority over whether facts regarding time served or recency of release "are *new* facts never previously found in a proceeding with built-in constitutional protections," but ultimately not deciding the issue because, "even assuming that the incarceration-related facts must be decided by a jury, there was no constitutional violation here").

In his reply, though, Defendant does not address the issue of whether certain facts about a prior conviction may need to be found by a jury, and accordingly, must be alleged in the indictment. (Docs. 363; 401). Instead, Defendant argues only that, in addition to it being prejudicial, the paragraph should be stricken because some or all of the listed prior convictions do not actually qualify as serious violent felonies. (Doc. 401). Defendant's argument is misplaced. During any pre-trial review of an indictment, the allegations contained in the indictment must be taken as true. *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975);[2] *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978)(in testing sufficiency of indictment, a court must not pierce the pleadings and make a premature resolution of the merits of the allegations; instead, the court must take the allegations as true); *see also United States v. Heller*, 866 F.2d 1336, 1337 n.2 (11th Cir. 1989); *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). "That an allegation of the indictment may be false does not render it surplusage so as to permit it to be stricken pretrial." *United States v. Johnson*, 585 F. Supp. 80, 81 (M.D. Tenn.

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit that were issued before October 1, 1981.

10

1984)(holding that defendant charged with being a felon in possession of a firearm was not entitled to have section of indictment referring to his Florida convictions stricken as surplusage on the theory that the Florida proceedings against him did not result in conviction, and explaining that the truth of the allegations in an indictment is tested at trial and not by pretrial motion or other preliminary proceeding)(citing *United States v. Knox*, 396 U.S. 77, 83 (1969)).

Further, even assuming, without deciding, that the referenced paragraph is prejudicial, it should not be stricken as surplusage pre-trial given that Defendant has not shown that it is immaterial or irrelevant to the charges in the indictment. "[E]ven when prejudice can be shown, the Court should not strike the information contained in the indictment if it is relevant to the charged offense." *Kent*, 2020 WL 8484884, at *2 (citations omitted); *see also United States v. Smallwood*, No. 3:09-CR-249-D(07), 2011 WL 2784434, at *10 (N.D. Tex. July 15, 2011)("the court will not strike allegations that are *relevant*, no matter how prejudicial or inflammatory they may be to the defendant") (emphasis in original)). And as the government points out, and Defendant does not address, any potential unfair prejudice, should the District Judge later decide that there is any,[3] may be cured through procedural means, including that Defendant may

---

[3] As discussed, the referenced paragraph in the indictment should not be stricken pre-trial as surplusage. But to the extent that Defendant may later argue that the jury should nevertheless not see it due to unfair prejudice under Federal Rule of Criminal Procedure 403, the District Judge should make that determination at trial. *See United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010)(holding that unless evidence meets the high standard of being inadmissible on any relevant ground, evidentiary rulings should be deferred

11

stipulate to the particular facts of his prior conviction and the indictment may then be redacted; the trial court may issue limiting instructions in connection with a special verdict form; or the trial may be bifurcated. (Docs. 392 at 12-15)(collecting NDGA cases); 401).

Accordingly, the Court **RECOMMENDS** that Vazquez's motion to strike surplusage, (Doc. 363), be **DENIED**.

### IV. CONCLUSION

The Court **GRANTS** both motions to adopt, (Docs. 383; 400), and **DENIES WITHOUT PREJUDICE** both motions for disclosure of confidential informants, (Docs. 361; 388). For the reasons discussed above, the Court **RECOMMENDS** that Vazquez's motion to strike surplusage, (Doc. 363), be **DENIED**.

There are no pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of the case against Defendants Ruiz and Vazquez.[4] **IT IS THEREFORE ORDERED** and **ADJUDGED** that the this action be and the same is hereby, certified Ready for Trial.

---

until trial so that "questions of foundation, relevancy, and potential prejudice may be resolved in proper context"); *see also Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 756 (11th Cir. 1985)( Unfair prejudice "cannot be equated with evidence that is simply adverse to the opposing party").

[4] Ruiz and Vazquez have been indicted with other Defendants whose matters are still pending. It is, therefore, not necessary to place the above-named Defendants' case on the calendar for trial at this time. 18 U.S.C. § 3161(h)(6).

12

**SO ORDERED and RECOMMENDED** this 27th day of March, 2023.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE